CDK2897-B2

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Fred Rogers, aka Fred Rogers Jr.

## DEFENDANTS
John E. Potter, Postmaster General, United States Postal Service, Does 1 to 10

**(b)** County of Residence of First Listed Plaintiff  Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA 94612

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 862 Black Lung (923) | 12 USC 3410 |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 196 Franchise | | **PRISONER** | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PETITIONS** | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [x] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | [ ] 870 Taxes (U.S. Plaintiff | [ ] 900 Appeal of Fee |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | or Defendant) | Determination |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party | Under Equal Access |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | 26 USC 7609 | to Justice |
| | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus – Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act
Brief description of cause:
Employment discrimination

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND     [ ] SAN JOSE

DATE
6/06/08

SIGNATURE OF ATTORNEY OF RECORD
*Michael C. Cohen* (signature)

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
                                                Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

1  Michael C. Cohen, Esq., Bar No. 65487
   **LAW OFFICES OF MICHAEL C. COHEN**
2  1814 Franklin Street, Suite 900
   Oakland, CA 94612
3  (510) 832-6436

4  Attorneys for Fred Rogers,
   Plaintiff





IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FRED ROGERS, aka FRED ROGERS, JR.,

Case No. C08-02897 BZ ADR

Plaintiff,

vs.

JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, DOES 1 TO 10,

Defendants.

COMPLAINT FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000e ET SEQ., SECTION 501 OF THE REHABILITATION ACT OF 1973, AS AMENDED, 29 U.S.C. §791 ET SEQ., AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (ADEA), AS AMENDED, 29 U.S.C. §621 ET SEQ.

**DEMAND FOR JURY TRIAL**

**GENERAL ALLEGATIONS**

Plaintiff, Fred Rogers, alleges:

1.  Plaintiff Fred Rogers (hereinafter referred to as "plaintiff") is an African American adult man, over 40 years of age, who at all relevant times alleged herein worked as a Maintenance Operations Support Clerk at the U.S. Postal Service's Processing and Distribution Center in Oakland, California.

-1-

1  2.  Plaintiff, at all times alleged herein was a disabled
2  employee, because of a left foot injury and reoccurring
3  depression, and stress.  He was capable of performing the
4  essential duties of his job, with or without a reasonable
5  accommodation.
6  3.  Defendant John E. Potter is the Postmaster General of
7  the U.S. Postal Service.
8  5.  Plaintiff is informed and believes and thereon alleges
9  that at all times alleged herein United States Postal service is
10  a corporation licensed to do business in the state of California
11  and doing business in the state of California, county of Alameda.
12  6.  Plaintiff is informed and believes and thereon alleges
13  that the United States Postal Service is an employer subject to
14  the laws set forth in Title VII of the Civil Rights Act of 1964,
15  as amended, 42 U.S.C. §2000e et seq., section 501 of the
16  Rehabilitation Act of 1973, as amended, 29 U.S.C. §791 et seq.,
17  Age Discrimination In Employment Act OF 1967 (ADEA), as amended,
18  29 U.S.C. §621 et seq.
19  7.  At all times relevant hereto, John E. Potter, and or
20  plaintiff's supervisor(s) and manager(s) were the agents/and or
21  employees of defendant and DOES 1 to 10, inclusive, and each of
22  them, in doing the things hereinafter alleged, were acting within
23  the course and scope of such agency and/or employment.
24  8.  At all relevant times, defendant, and Does 1 to 10,
25  inclusive, and each of them, knew or should have known that its
26  supervising employees and or managerial employee(s), were
27  discriminating against plaintiff and or harassing plaintiff
28

1  because of plaintiff's race, and or sex, and or disability, and
2  or perceived disability and retaliation for engaging in protected
3  activities.
4      9.  The defendant has subjected plaintiff to continuing
5  violations of harassment, sexual harassment, disparate treatment,
6  hostile work environment, infliction of emotional distress,
7  threats, and or retaliation.
8      10.  The actions and failures to act of defendant and DOES
9  1 to 10, inclusive, and each of them, were severe and pervasive
10 such that it created a hostile work environment for plaintiff.
11     11.  Defendant and DOES 1 to 10, inclusive, and each of
12 them, despite knowledge and or adequate opportunity to learn of
13 the misconduct of its agents and or employees, retained said
14 defendants, agents and or employees in its service, and
15 thereafter adopted, approved and ratified the acts, omissions and
16 misconduct of said defendants.
17     12.  Plaintiff is ignorant of the true names and capacities
18 of the defendants sued herein as DOES 1 to 10, inclusive and
19 therefore sues these defendants by such fictitious names.
20 Plaintiff will amend this complaint to allege their true names
21 and capacities when ascertained.  Plaintiff is informed and
22 believes and thereon alleges that each of the fictitiously named
23 defendants is responsible as hereinafter shown for the
24 occurrences and injuries alleged in this complaint.
25     13. Plaintiff is informed and believes, and thereon alleges,
26 that at all times herein mentioned, each DOE, defendant named
27 herein was the agent and/or employee of United States Postal
28

1 | Services and the remaining DOE defendants, and in doing the
2 | things hereinafter alleged, was acting within the course and
3 | scope of such agency and/or employment.
4 |     14.  The unlawful employment practices complained of herein
5 | occurred in Alameda County, state of California.
6 |     15.  Plaintiff is a person protected by the statutes and
7 | laws identified in paragraph 6 of the complaint herein, in that
8 | he is a member of a protected group, African American man over
9 | forty (40) years of age. He had engaged in protected activities.
10 |    16.  Plaintiff exhausted his administrative remedy before
11 | filing his lawsuit herein.  Plaintiff filed an EEO complaint
12 | (Agency No. 1F946-0044-06) on September 13, 2006, alleging that
13 | defendant subjected him to continuing unlawful harassment on the
14 | bases of his race (African American), sex (male), age (DOB:
15 | 9/10/54), disability (emotional distress), and or in retaliation
16 | for his prior EEO activity, when: (1) he was instructed to remain
17 | in his work area and subsequently placed in an emergency off-duty
18 | status after he was accused of sexual harassment on July 26,
19 | 2006; (2) on or about August 2, 2006, the defendant (Agency)
20 | denied plaintiff's request for access to the investigation report
21 | concerning the allegations of sexual harassment against him; and
22 | (3) on or about August 2, 2006, the defendant (Agency) removed
23 | his duties as a Locker Custodian.
24 |    14.  The Agency issued its final decision pertaining to
25 | plaintiff's complaint 1F946-0044-06, on March 11, 2008.
26 |    15.  Plaintiff filed an EEO complaint (Agency No. 1F946-
27 | 0013-07) on January 16, 2007, alleging that the agency
28 |                                  -4-

1  discriminated against him based on race (African-American),
2  sex, (male), age (DOB: September 10, 1954), and disability (left
3  foot injury, reoccurring depression, and stress), in that he has
4  been subjected to an ongoing hostile work environment,
5  harassment, including but not limited to, on December 7, 2006, he
6  was given an official discussion when he was observed talking to
7  a co-worker; restricted to only certain areas of the work place;
8  and on December 13, 2006, he was given another official
9  discussion for being out of his work area.
10     16.   The agency issued its final decision pertaining to
11  plaintiff's complaint 1F946-0013-07, on April 23, 2008.
12     17.   Defendant, in doing the acts alleged herein engaged in
13  a series of actions including but not limited to the acts alleged
14  herein, that were severe and pervasive such as to create a
15  hostile work environment for plaintiff.  Defendant's wrongful
16  conduct toward plaintiff began approximately in 2000 and
17  continued until the present date.  Defendant's conduct was
18  motivated by race, and or sex, and or age, and or disability and
19  or perceived disability, and or retaliation for engaging in
20  protected activity.
21     18.   Defendant, in doing the acts and failing to act, any of
22  the acts and all of the acts alleged herein, discriminated
23  against plaintiff because of plaintiff's race, sex, and or age,
24  and or disability and or perceived disability, and or retaliation
25  for engaging in protected activity.
26     19.   Plaintiff was employed with defendant for approximately
27  twenty years.  At all times alleged herein, satisfactorily
28

1  performed all of his job duties, and the conditions of his
2  employment, with reasonable competence, consistent with the
3  practices and policies of United States Postal Service, during
4  the time of his employment.
5      20.  In 2006, Alice Poon and Cindy La, two female employees
6  of defendant, who worked in the same facility where plaintiff
7  works complained that plaintiff was seen regularly walking around
8  in the area where they were working; that he stared at them.  Ms.
9  Poon stated that plaintiff had grabbed her arm and pulled her
10 face close to his face.
11     21.  Defendant engaged in the following wrongful conduct of
12 which plaintiff complains and contends created a hostile work
13 environment for plaintiff and or discrimination:
14     In approximately 2002, defendant discriminated against
15 because of plaintiff's race, and or sex and or age and or
16 disability.  Plaintiff filed complaint 1F-946-0086-03.
17     On or about July 26, 2006, plaintiff was informed by his
18 manager, Saul Alvaranga, that he had been accused of sexual
19 harassment.  On or about July 31, 2006, plaintiff was given
20 written notification that he was being placed on Emergency Off-
21 Duty Status.  On or about July 31, 2006, plaintiff was given
22 written notification (routing slip) restricting his movement at
23 the Oakland DC facility.  On or about August 1, 2006, plaintiff
24 requested documentation concerning the allegations of sexual
25 harassment alleged against him.  On or about August 2, 2006, the
26 defendant notified plaintiff that the documentation would not be
27 provided.  Plaintiff lost two days of pay (July 28, 29, 2006).
28

1  Plaintiff's job as a Locker Custodian was taken away from him and
2  given to a female.  The Agency has subjected plaintiff to
3  continuing violations of harassment, sexual harassment, disparate
4  treatment, hostile work environment, infliction of emotional
5  distress, threats, disciplinary action, humiliation, loss of pay,
6  prohibited personnel practices, pain and suffering, and other
7  unlawful acts.
8     22.  Plaintiff issued a statement under penalty of perjury
9  to defendant denying the accusations of sexual harassment and or
10 inappropriate behavior made against him.
11    23.  The defendant (Agency) failed to conduct a fair and
12 impartial investigation.  Moreover, the defendant (Agency) failed
13 to process plaintiff's claim that he had been discriminated
14 against on the basis of his sex by the actions of Cindy La, Alice
15 Poon, and other Agency officials.
16    24.  Cindy La, Alice Poon, and other Agency officials
17 intentionally made false statements about plaintiff accusing
18 plaintiff of sexual harassment and other inappropriate behavior
19 on plaintiff's job.
20    25.  The defendant (Agency) conducted an internal
21 investigation of the allegations of Alice Poon and Cindy La.  The
22 internal investigation was concluded on September 27, 2006.  The
23 defendant (Agency) learned through its investigation that the
24 accusations made Cindy La and Alice Poon about plaintiff were
25 lies.
26    26.  The defendant (Agency) failed and refused to include
27 information obtained by defendant's investigators during
28

defendant's investigations of the accusations against plaintiff in the EEO Report of Investigation that proved that plaintiff's accusers were lying about their accusations of sexual harassment and inappropriate behavior made about plaintiff.

27.  Defendant continued to restrict plaintiff's movement within the facility after defendant (Agency) knew or should have known that the accusations of sexual harassment and inappropriate behavior made against plaintiff, were false and that plaintiff had not sexually harassed his accusers or engaged in any inappropriate behavior toward his accusers.  Defendant took plaintiff's job as Locker Custodian away from plaintiff and gave it to a female employee and continued to deny plaintiff his job after defendant knew or should have known that the accusations against plaintiff were false and that plaintiff had not sexually harassed anyone or engaged in any inappropriate behavior. Defendant's restricted plaintiff's movement and right to walk in the facility in areas of the facility.  Plaintiff had been walking in the facility because he has a disability and or medical condition that requires that he walk regularly to relieve the symptoms of his disability and or medical condition.  The defendant (Agency) was motivated by plaintiff's race and or sex and or age and or disability.

28.  Supervisor of Maintenance Operations, Cornelia A. Walker, and Maintenance Manager, Royce Harris, Intentionally discriminated against plaintiff based on his race (African American), sex (male), age (DOB: September 10, 1954), and disability (left foot injury, reoccurring depression, and stress)

in that he has been subjected to ongoing hostile work environment harassment, which has been severe and pervasive, including but not limited to, on December 7, 2006, he was given an official discussion when he was observed talking to a co-worker; restricted to only certain areas of the work place; and on December 13, 2006, he was given another official discussion for being out of his work area.  Ms. Royce asked plaintiff why he was speaking to the female employee and she advised him that he was not to talk to anyone, that he could not use the vending machines, or go anyplace except his workspace due to pending charges against the plaintiff.  Ms. Walker advised plaintiff that if he did not follow the directives given to him the next action would be a Letter of Warning.

On December 13, 2006, the plaintiff was called into a "just cause meeting" with the Supervisor of Customer Services, Henry Johnson, Ms. Walker, and a union steward.  Ms. Walker said that she observed plaintiff walking on the workroom floor and asked what he was doing and he advised her that he was going to the vending machines.  Ms. Walker then accused the plaintiff of lingering on the workroom floor and that he had to ask for permission anytime he needed to leave his desk. Plaintiff told them he was not lingering but returning to his work unit.

29.   Defendant failed to take all reasonable steps to stop and or prevent discrimination and or harassment against plaintiff from occurring after learning that its employees had falsely accused plaintiff of sexual harassment and other inappropriate behavior.

1    30.   Defendant's conduct proximately caused plaintiff to
2 suffer emotional distress, grief, worry, anxiety, humiliation,
3 past and future, loss of standing in the work place community,
4 loss of income, and to incur attorney fees.  Plaintiff's claim
5 for emotional distress damages is harassment is $300,000.00.
6 Plaintiff's claim for lost income is estimated to be $10,000.00.
7 The exact amount of income loss will proved at the time of trial.
8 Plaintiff's attorney fee claim is estimated to be $5,000.00 at
9 the time of filing this complaint.  The true amount of his
10 attorney fee expense will be proven at trial.
11   31.   Defendant conduct was severe and pervasive such as to
12 create a hostile work environment for plaintiff.
13   32.   Plaintiff hereby demands a jury trial.

**JURISDICTION**

15   33.   Jurisdiction of this court exists pursuant to 28 U.S.C.
16 Section 1331 because this action arises under the Laws and
17 Constitution of the United States.  This action involves alleged
18 violations of Federal Laws set forth in 42 U.S.C. Section 1981,
19 1983, and 1985.  Other causes of action are alleged that are
20 based on the same general transaction or occurrences, because of
21 which this court may exercise pendent jurisdiction overt those
22 causes of action.  Pursuant to Title VII of the Civil Rights Act
23 of 1964 for employment discrimination.  Jurisdiction is conferred
24 on this Court by 42 U.S.C., Section 2000-e-5, Equitable and other
25 Relief is sought under 42 U.S.C., Section 2000-e-5(g).
26 ///
27 ///
28

**FIRST CAUSE OF ACTION
VIOLATION OF TITLE VII OF THE CIVIL RIGHTS
ACT OF 1964, AS AMENDED**

34.  Plaintiff realleges and incorporates by reference Paragraphs 1 through 33 of the Complaint as though fully set forth at length herein.

35.  Defendant's conduct alleged herein violated Title VII of the Civil Rights At of 1964, as amended.

36.  Defendant by engaging in conduct including but not limited to the acts alleged herein engaged in continuing violations of harassment, sexual harassment, disparate treatment, hostile work environment, infliction of emotional distress, threats, disciplinary action, humiliation, loss of pay, prohibited personnel practices, and other violations of his Constitutional and Civil rights, other unfavorable actions against him and other unlawful acts, including but not limited to retaliation, sex discrimination, age discrimination, discrimination in terms and conditions of employment, unwarranted disciplinary action and other acts made unlawful by the Title VII of the 1964 Civil Rights Act.  Additionally, defendants acts included but are not limited to:

a. harassment of plaintiff by continuously by engaging in severe and pervasive unlawful conduct toward plaintiff such as to create a hostile work environment for plaintiff because of plaintiff's race, and or sex, and or age, and or disability and or perceived disability, and or in retaliation against plaintiff for plaintiff's complaints of discrimination;

b. discriminating against plaintiff in terms and conditions

-11-

1  of employment because of plaintiff's race, and or sex, and or
2  age, and or disability, and or perceived disability, and or in
3  retaliation against plaintiff for plaintiff's complaints of
4  discrimination;
5      c. failing to provide reasonable accommodations for
6  plaintiff's disability;
7      d. retaliation for prior complaints of discrimination;
8      e. failing to take all reasonable immediate and appropriate
9  corrective action to remedy the unlawful harassment, employment
10 discrimination and or retaliation;
11     f. failing to take all reasonable steps necessary to prevent
12 unlawful discrimination and or retaliation from occurring on the
13 job.
14     37.   In doing each and all of the acts alleged herein, said
15 defendants, intentionally, willfully, and without justification,
16 attempted to and did deprive Plaintiff of her rights, privileges
17 and immunities secured to her by the Constitution and laws of the
18 United States of America, particularly his right to be free from
19 discrimination and/or harassment in employment on the grounds of
20 race as provided by Title VII of the 1964 Civil Rights Act as
21 amended.
22     38.   Defendant's conduct and or the conduct of each
23 defendant, alleged herein proximately cause plaintiff to lose
24 income, and employment benefits, and suffer emotional distress,
25 mental anguish, anxiety and worry, and incur attorney fees, and
26 is reasonably certain to proximately cause plaintiff to lose
27 standing and damage to his reputation, lose income and suffer
28

emotional distress, mental anguish, anxiety and worry, and incur attorney fees, in the future all to plaintiff's damage in an amount to be shown according to proof.

39. The conduct of defendants, and each of them, alleged herein was willful, wanton, malicious, and oppressive, in that defendant knew or should have known that its conduct was unreasonable and or illegal. Furthermore, defendant's acts were carried out in willful and conscious disregard of plaintiff's rights and well-being such as to constitute malicious, despicable conduct within the meaning of California Civil Code §3294, entitling plaintiff to punitive damages in an amount appropriate to punish or make an example of defendant.

**SECOND CAUSE OF ACTION**
**Section 501 of the Rehabilitation Act of 1973,**
**as amended**

40. Plaintiff realleges, and incorporates by reference, Paragraphs 1 through 39 of the Complaint as though fully set forth at length herein.

**THIRD CAUSE OF ACTION**
**Age Discrimination in Employment Act of 1967,**
**as amended**

41. Plaintiff realleges, and incorporates by reference, Paragraphs 1 through 39 of the Complaint as though fully set forth at length herein.

**PRAYER**

WHEREFORE, Plaintiff prays for judgement against all Defendants, and each of them as follows:

1. Compensatory and special damages, including damages for mental and emotional distress, in an amount to be determined at

-13-

the time of trial, estimated at $300,000.00;

2. Lost income, past and future, estimated at $20,000.00;

3. Punitive and exemplary damages in an amount appropriate to punish and/or make an example of the Defendants sued individually herein to be determined at trial, estimated at $600,000.00;

4. Reasonable attorney fees, estimated at $100,000.00;

5. Costs of suit incurred herein, estimated at $3,000.00;

6. Prejudgment interest at the legal rate on the amount of Plaintiff's lost wages and employment benefits; and

7. Such other and further relief as the Court deems just and proper.

Dated: June 9, 2008        LAW OFFICES OF MICHAEL C. COHEN

By: _____
    Michael C. Cohen,
    Attorney for Plaintiff